THE BROOKLYN SAVINGS BANK, Appellant, *v.* LEON J. NEUMANN and Others, Defendants, Impleaded with 329 EAST 47TH STREET REALTY CORPORATION and Another, Respondents.*

First Department, May 28, 1937.

*Ira L. Anderson* of counsel [*Snedeker & Snedeker,* attorneys], for the appellant.

*Louis Engelberg,* for the respondents.

PER CURIAM. The court at Special Term granted the motion of the corporate defendants for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.

* Revg. 162 Misc. 99.

Plaintiff, the holder of an unpaid bond in the face amount of $90,000, brought this action, as a creditor, to set aside fraudulent transfers of real property by the individual defendants to the corporate defendants.

The answer contains an affirmative defense, in substance, as follows: The bond which plaintiff held was executed some years ago simultaneously with a mortgage. The mortgage was foreclosed, and the property was bought in by plaintiff. The plaintiff thereafter made an application for a deficiency judgment as against the individual defendants, which was denied as a matter of law. It is then alleged that the order denying the motion finally adjudicated and settled that the plaintiff was not entitled to any deficiency judgment against the individual defendants, and also, that the plaintiff is not a creditor of the individual defendants.

Plaintiff in its reply denies, in effect, the finality of the order disallowing the deficiency judgment.

The application for a deficiency judgment, which is referred to in defendants' answer, was denied by the court at Special Term on the ground that the defendants against whom the deficiency was sought were non-residents, were not served with process within the State of New York, and did not appear in the action. The court based its determination upon the rule laid down in *Pennoyer* v. *Neff* (95 U. S. 714). The court did not intend, however, to deprive the plaintiff of any rights which had accrued to it under other statutes.

The moving defendants urge that the plaintiff's present action deprives them of the defense guaranteed by the terms and provisions of section 1083-a of the Civil Practice Act. However, defendants have not pleaded the privileges granted by the section as an affirmative defense. On the contrary, they take the position that plaintiff must allege in its complaint that the security was inadequate to satisfy the debt. In so doing, they overlook entirely that this action was commenced to set aside fraudulent conveyances of real property, and not for a deficiency judgment. On the face of the complaint plaintiff is, *prima facie* at least, a creditor entitled to bring the action.

Consequently, the order and judgment appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment and order unanimously reversed, with costs, and the motion denied, with ten dollars costs.